<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MASIMO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MINDRAY DS USA, INC.,<br><br>Defendant and Counterclaim-Plaintiff,<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.,<br><br>Defendants. | **Civil Action No. 15-cv-2196 (SRC)(CLW)**<br><br>**OPINION AND ORDER** |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on Defendant and Counterclaim-Plaintiff Mindray DS USA, Inc's ("Mindray DS") appeal of a non-dispositive Order issued on September 21, 2015 by United States Magistrate Judge Cathy L. Waldor [Docket Entry 13] granting Plaintiff Masimo Corporation's ("Masimo") motion to compel Mindray DS's compliance with issued subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) [Docket Entries 1, 8, and 12]. For the reasons stated below, Magistrate Judge Waldor's Order will be affirmed.

This appeal arises from a discovery dispute between Masimo and Mindray DS: Masimo sought to compel Mindray DS to comply with Masimo's subpoena *duces tecum* and Masimo's subpoena *ad testificandum* issued in a patent infringement and breach of contract case currently pending in the Central District of California (Civil Case No. 12-2206, the "California Action"). In the California Action, Mindray DS has been dismissed as a defendant and Shenzhen Mindray

1

Biomedical Electronics Company, Ltd. ("Shenzhen Mindray"), a sister company of Mindray DS, is the remaining defendant. There is a related action pending in the District of New Jersey (Civil Case No. 15-0457) which recently was remanded in part and stayed in part pending resolution of the California Action, and is now on appeal to the Third Circuit.

In Magistrate Judge Waldor's careful and well-reasoned Order dated September 21, 2015, she granted Masimo's motion to compel compliance with Masimo's issued subpoenas. She examined Masimo's request in light of Federal Rules of Civil Procedure 45(d)(2)(B)(i) (third-party discovery) and 26(b) (scope of discoverable material). She reviewed the reasonableness of the discovery requests given the stage and nature of the California Action and concluded that the requested discovery was relevant and discoverable. Furthermore, she noted that Mindray DS had not asserted privilege or moved to quash the subpoenas. She stated that Mindray DS is not a party to the California Action, the case in which the subpoenas were issued, and thus concluded that seeking to enforce the subpoenas in this Court was proper. She found no bad faith or undue delay on the part of Masimo in its pursuit of this discovery, as the subpoenas were issued prior to the close of fact discovery in the California Action. She also found that the requests were reasonable in light of the fact that Mindray DS had complied with discovery requests from Shenzhen Mindray. In response to the Order, Mindray DS brought this appeal.

As a matter relating to discovery, Magistrate Judge Waldor's Order granting Masimo's motion to compel is subject to review according to the very deferential "clearly erroneous or contrary to law" standard. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *see also* 28 U.S.C. § 636(b)(1)(A). It is reversible only for abuse of discretion. *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (quoting *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)). The party appealing a

magistrate judge's discovery order bears the burden of demonstrating that the standard for reversal has been met. *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996).

Mindray DS's briefing on this motion disputes the scope and relevance of the requested discovery in the California Action, and seemingly ignores the standard of review this Court must apply in examining Magistrate Judge Waldor's Order. Mindray DS also argues that Masimo has sought this discovery instead to circumvent party discovery in the New Jersey Action. Masimo asserts that Magistrate Judge Waldor's Order was neither clearly erroneous nor contrary to law, and it urges this Court to affirm the Order.

This Court finds that Mindray DS has not satisfied its burden to show that Magistrate Judge Waldor abused her discretion in compelling this discovery. Magistrate Judge Waldor carefully considered the relevant rules and law, as well as the respective positions of the parties in reaching her decision. In particular, she examined the reasonableness and scope of the discovery requests, as discussed above. Of importance, this Court notes that Mindray DS never moved to quash the subpoenas at issue. Mindray DS is a non-party to the California Action but is a party to the related action in this Court, making the enforcement of the subpoenas here reasonable. In addition, the subpoenas at issue here issued before the close of discovery in the California Action, and Masimo has diligently pursued the discovery at issue. Finally, Magistrate Judge Waldor found that Mindray DS should promptly comply with the subpoenas because of the late stage of the California Action and the importance of the requested discovery.

This Court is satisfied that Magistrate Judge Waldor's Order was neither clearly erroneous nor contrary to law. Magistrate Judge Waldor's conclusions that the requested discovery were both relevant to the concurrent California action and of appropriate scope were clearly within the scope of her discretion. Given the history of this case, the Court is in full

agreement with Magistrate Judge Waldor's decision.  Therefore, Magistrate Judge Waldor's September 21, 2015 Order granting Masimo's motion to compel is affirmed.

Accordingly, for the foregoing reasons,

**IT IS** on this 20th day of October, 2015,

**ORDERED** that Mindray DS's appeal [Docket Entry 18] of Magistrate Judge Waldor's September 21, 2015 Order is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Waldor's September 21, 2015 Order [Docket Entry 13] granting Masimo's motion to compel Mindray DS's compliance with subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) be and hereby is **AFFIRMED**.

                s/ Stanley R. Chesler
               STANLEY R. CHESLER
               United States District Judge

Dated:  October 20, 2015